2007 UT App 86

**STATE of Utah, Plaintiff and Appellee,**

v.

**John Lee HOGUE, Defendant and Appellant.**

**No. 20041052–CA.**

Court of Appeals of Utah.

March 15, 2007.

Cleve J. Hatch, Roosevelt, for Appellant.

Mark L. Shurtleff, atty. gen., and Christine Soltis, asst. atty. gen., Salt Lake City, for Appellee.

Before BENCH, P.J., GREENWOOD, Associate P.J., and BILLINGS, J.

## OPINION

BENCH, Presiding Judge:

¶ 1 Defendant John Lee Hogue appeals his convictions based on conditional guilty pleas to possession of a controlled substance with intent to distribute, a first degree felony, *see* Utah Code Ann. § 58–37–8(1)(a)(iii) (Supp. 2006), and driving under the influence, a class B misdemeanor, *see* Utah Code Ann. § 41–6a–502 (2006). At a pre-trial suppression hearing, Defendant unsuccessfully tried to prevent the admission of critical evidence based on alleged Fourth Amendment violations. *See* U.S. Const. amend. IV. After the trial court denied the motion to suppress, Defendant decided to forego trial and enter conditional guilty pleas to the charges

against him, reserving his right to appeal the issues raised at the suppression hearing. We affirm.

## BACKGROUND

¶ 2 Defendant was pulled over by Deputy Leonard Isaacson (the Officer), who was investigating the whereabouts of a burglary suspect. The victim of the burglary had informed the Officer that the suspect was in Defendant's truck earlier that morning. When the Officer approached Defendant's truck he clearly saw that Defendant was alone in the vehicle. The Officer also noted, however, Defendant's unusually high degree of nervousness, jerky movements, and dilated pupils. Suspecting that Defendant was driving under the influence of alcohol or other drugs, the Officer ordered Defendant to exit the truck before questioning him.

¶ 3 While questioning Defendant about the burglary suspect, the Officer observed additional signs of impairment, including the blurting out of answers to questions, the loss of color in Defendant's face, and body tremors. The Officer asked Defendant about an obvious bulge in Defendant's pocket, which Defendant seemed to be trying to hide with his arm. Defendant twice denied having anything in his pockets before emptying most of the contents. When the Officer again asked Defendant to remove whatever remained in his pocket, Defendant complied and removed a leather purse containing methamphetamine. The Officer administered four field sobriety tests, all of which Defendant failed, and arrested Defendant for driving under the influence and possession of a controlled substance. The entire encounter lasted fifteen to twenty minutes.

¶ 4 The trial court held a suppression hearing to decide Defendant's Fourth Amendment challenges to the search of his person and seizure of the leather purse. When the trial court denied Defendant's motion to suppress the drug evidence, Defendant entered conditional guilty pleas, reserving the right to appeal the issues raised at the suppression hearing. Defendant now appeals.

## ISSUE AND STANDARD OF REVIEW

¶ 5 Defendant challenges the trial court's denial of his motion to suppress the drug evidence obtained during the warrantless pre-arrest search of his person. We review the legality of a search and seizure for correctness, giving no deference to the decision of the trial court. *See State v. Brake,* 2004 UT 95, ¶ 15, 103 P.3d 699 ("We abandon the standard which extended 'some deference' to the application of law to the underlying factual findings in search and seizure cases in favor of non-deferential review.").

## ANALYSIS

### I. Appealable Issues

¶ 6 Defendant challenges, for the first time on appeal, the Officer's qualifications to testify as an expert on the signs of drug impairment or intoxication. Defendant also argues that he received ineffective assistance of counsel based on trial counsel's failure to object to the Officer's qualifications to testify or, in the alternative, that it was plain error for the court to consider the Officer's unqualified testimony. "[A] voluntary guilty plea is a waiver of the right to appeal *all* nonjurisdictional issues, including alleged pre-plea constitutional violations." *State v. Sery,* 758 P.2d 935, 938 (Utah Ct.App.1988) (emphasis added). The Utah Rules of Criminal Procedure provide an exception to this rule in that a defendant may enter a guilty plea conditioned upon his right to appeal a specified adverse pre-trial ruling. *See* Utah R.Crim. P. 11(i). Here, the plea agreement included the right to appeal only the issues raised during the suppression hearing, and Defendant has conceded that he made no objection to the Officer's qualifications during the hearing. We therefore decline to address the merits of Defendant's challenge to the Officer's testimony, as well as his ineffective assistance and plain error claims. *See State v. Spurgeon,* 904 P.2d 220, 223 n. 1 (Utah Ct.App.1995) (stating that an appeal from a *Sery* plea is not a "defendant['s] chance to have [his] case[ ] tried by an appellate court").

## II. Reasonable Suspicion of Impairment

¶ 7 Defendant challenges the trial court's conclusion that the Officer legally detained Defendant for purposes of investigating criminal behavior other than Defendant's involvement with the burglary suspect. "Once a traffic stop is made, the detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop." *State v. Lopez*, 873 P.2d 1127, 1132 (Utah 1994) (quotations and citation omitted). Any "[i]nvestigative questioning that further detains the driver must be supported by reasonable suspicion of more serious criminal activity. Reasonable suspicion means suspicion based on specific, articulable facts drawn from the totality of the circumstances facing the officer at the time of the stop." *Id.* Even when reasonable suspicion exists, officers must "diligently [pursue] a means of investigation that [is] likely to confirm or dispel their suspicions quickly." *Id.* (alterations in original) (quotations and citations omitted).

¶ 8 Here, Defendant concedes the legality of the Officer's initial stop to investigate the whereabouts of the burglary suspect. He claims, however, that the Officer lacked reasonable suspicion to order Defendant out of the vehicle for the purpose of investigating Defendant's possible impairment, prior to questioning Defendant about the burglary, and that the detention illegally continued after the burglary questioning had ended. The Officer observed Defendant's dilated pupils, nervous demeanor, and jerky body movements before ordering Defendant out of the truck and broadening the scope of the investigation to include Defendant's possible impairment. Given the totality of the circumstances, we agree with the trial court that the Officer articulated reasonable suspicion that Defendant was operating his vehicle under the influence.

¶ 9 The additional observations made by the Officer while questioning Defendant outside the vehicle about the burglary, including body tremors, loss of color in Defendant's face, and lies about the contents of Defendant's pockets, provided the Officer with reasonable suspicion to administer field sobriety tests after the burglary questioning was completed. That the Officer concurrent-ly investigated Defendant's possible impairment and involvement with the burglary suspect does not violate the Fourth Amendment because both lines of investigation were separately justified by reasonable suspicion. The Officer's investigation, which lasted no more than twenty minutes, was sufficiently limited and focused to confirm or dispel the Officer's suspicions of both Defendant's impairment and involvement with the burglary suspect.

## III. Legality of Pre–Arrest Search

¶ 10 Defendant claims that the search of his pocket prior to his arrest violated the Fourth Amendment's general prohibition of warrantless searches. "A search of an arrestee's person is valid without a warrant, despite the fact that it shortly precedes the arrest, so long as the arrest and the search are substantially contemporaneous and probable cause to effect the arrest exists independent of the evidence seized in the search." *State v. Chansamone*, 2003 UT App 107, ¶ 11, 69 P.3d 293 (quotations and citation omitted). The supreme court defines "probable cause justifying an arrest" as "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *State v. Trane*, 2002 UT 97, ¶ 27, 57 P.3d 1052 (quotations and citation omitted). We consider the totality of the circumstances to determine whether the Officer had probable cause to arrest Defendant. *See State v. Spurgeon*, 904 P.2d at 226.

¶ 11 Here, the Officer made several observations about Defendant's behavior prior to the arrest: Defendant's eyes were noticeably dilated in the late morning, a characteristic that the Officer testified is indicative of drug use; the Officer observed a level of nervousness greater than that usually observed by police in the people they stop and noted Defendant's wide and wandering eyes; when Defendant got out of the vehicle the Officer noticed Defendant's body shaking and the color draining from Defendant's face; and Defendant tried to obscure the Officer's view of his bulging pocket and lied

about not having anything in his pocket when he clearly did. These observations by an experienced police officer, when combined with Defendant's failed field sobriety tests, were sufficient to "warrant a prudent person['s]" belief that Defendant had committed the offense of driving under the influence. *Trane*, 2002 UT 97 at ¶ 27, 57 P.3d 1052 (quotations and citation omitted). Because the Officer had probable cause to arrest Defendant independent of the drug evidence subsequently discovered in Defendant's pocket, the pre-arrest search did not violate the protections of the Fourth Amendment. *See Chansamone*, 2003 UT App 107 at ¶ 11, 69 P.3d 293. The trial court therefore did not err in denying Defendant's motion to suppress the evidence found on Defendant's person.

## CONCLUSION

¶ 12 Defendant's evidentiary, ineffective assistance of counsel, and plain error claims fail because they are not appealable issues under the terms of Defendant's conditional plea agreement. The Officer articulated multiple observations, amounting to reasonable suspicion, which reasonably led him to detain Defendant to investigate the suspected impairment. Further observations, along with Defendant's failed sobriety tests, amounted to probable cause justifying Defendant's arrest for driving under the influence. The pre-arrest search of Defendant's person was justifiable as a search incident to arrest because it was substantially contemporaneous with the arrest and the evidence obtained therefrom was not used to effect the probable cause justifying the arrest. The trial court therefore did not err in denying Defendant's motion to suppress the drug evidence found on Defendant's person.

¶ 13 For the foregoing reasons, we affirm.

WE CONCUR: PAMELA T. GREENWOOD, Associate Presiding Judge, JUDITH M. BILLINGS, Judge.